# NO. 12-09-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: MONTIE MONTGOMERY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

---

### *MEMORANDUM OPINION*

In this original mandamus proceeding, Montie Montgomery, pro se, seeks an order requiring the trial court to rule on his "Motion for Speedy Resolution of Detainer."[1] Montgomery alleges that he is presently incarcerated in Louisiana and has an outstanding detainer from Nacogdoches County, Texas, arising out of a motion to revoke his probation for possession of a controlled substance. He further states that he filed a "Motion for Speedy Resolution of Detainer" on or about December 10, 2008, but that the trial court has failed to rule on the motion.

Mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). A relator must furnish a record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.7(a) (requiring a relator to file a certified or sworn copy of every document material to his claim).

The disposition of interstate detainers is governed by the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (Vernon 2006) (Interstate Agreement on Detainers Act). Article III of the act establishes the procedure to be followed when a prisoner seeks a final

---

[1] The respondent is the Honorable Campbell Cox II, Judge of the 145th Judicial District Court, Nacogdoches County, Texas.

disposition of an outstanding indictment, information, or complaint. *See id.* art. 51.14, art. III (Vernon 2006). Generally, the procedure includes the following:

1. The person seeking the disposition must cause to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition.

2. The request must be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the state parole agency relating to the prisoner.

3. The prisoner must send the written notice and request for final disposition to the official having custody of him, who must promptly forward it together with the certification to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

*See id.* art. 51.14, art. III (a), (b) (Vernon 2006).

Here, the record accompanying the mandamus petition includes a copy of the motion Montgomery alleges that he filed and a copy of a proposed order requesting a response from the State. However, we cannot determine from this record whether the appropriate procedure was followed in transmitting Montgomery's motion to the court. *See id.* art. 51.14, art. III (a), (b). Consequently, we cannot conclude that the trial court has abused its discretion in failing to rule on Montgomery's motion. The petition for writ of mandamus is ***denied***.

    **BRIAN HOYLE**
Justice

Opinion delivered May 6, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2